**United States District Court**
For the Northern District of California

1

2

3

4

5

6

7

8

9

10

11

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

12

13

14

15

16

17

| | |
|---|---|
| JOHN L. BATIE, )<br>    )<br>Petitioner, )<br>    )<br>v.        )<br>    )<br>RANDY GROUNDS, Warden, )<br>    )<br>Respondent. )<br>_____ ) | No. C 10-3089 MMC (PR)<br><br>**ORDER TO SHOW CAUSE;<br>DENYING REQUEST FOR<br>APPOINTMENT OF COUNSEL;<br>GRANTING LEAVE TO PROCEED<br>IN FORMA PAUPERIS**<br><br>(Docket Nos. 1, 5 & 8) |

18

19

20

21

    On July 19, 2010, petitioner, a California prisoner incarcerated at the Correctional

Training Facility at Soledad, California, and proceeding pro se, filed the above-titled petition

for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the Governor's reversal

of a parole grant by the California Board of Parole Hearings ("Board").

22

**BACKGROUND**

23

24

25

26

27

28

    In 1981, in the Superior Court of San Diego County, petitioner was found guilty of

second degree murder.  He was sentenced to a term of seventeen years to life in state prison.

On February 4, 2009, the Board, for the fourth time, found petitioner suitable for parole.  On

July 3, 2009, Governor Schwarzenegger reversed the Board's decision, which determination

constituted the fourth time the Board's decision to grant petitioner parole was reversed at the

Governor's level of review.  Petitioner's subsequent state habeas corpus petitions challenging

United States District Court

For the Northern District of California

1  Governor Schwarzenegger's 2009 decision were denied, respectively, by the California Court

2  of Appeal on March 9, 2010, and the California Supreme Court on June 17, 2010.

3                                         **DISCUSSION**

4  A.      Standard of Review

5          This Court may entertain a petition for a writ of habeas corpus "in behalf of a person

6  in custody pursuant to the judgment of a State court only on the ground that he is in custody

7  in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a);

8  Rose v. Hodges, 423 U.S. 19, 21 (1975). A district court shall "award the writ or issue an

9  order directing the respondent to show cause why the writ should not be granted, unless it

10 appears from the application that the applicant or person detained is not entitled thereto."

11 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the

12 petition are vague or conclusory, palpably incredible, or patently frivolous or false. See

13 Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990) (quoting Blackledge v. Allison,

14 431 U.S. 63, 75-76 (1977)).

15 B.      Petitioner's Claim

16         Petitioner claims the Governor's reversal of the Board's decision to grant parole

17 violated his federal constitutional right to due process because it was not based on some

18 evidence that petitioner's release would pose an unreasonable risk to public safety. Liberally

19 construed, petitioner's claim is cognizable.

20 C.      Request for Appointment of Counsel

21         Petitioner requests appointment of counsel to represent him in the instant action. The

22 Sixth Amendment's right to counsel does not apply in habeas actions. Knaubert v.

23 Goldsmith, 791 F.2d 722, 728 (9th Cir.), cert. denied, 479 U.S. 867 (1986). Pursuant to

24 statute, however, a district court is authorized to appoint counsel to represent a habeas

25 petitioner whenever "the court determines that the interests of justice so require and such

26 person is financially unable to obtain representation." See 18 U.S.C. § 3006A(a)(2)(B).

27         Here, petitioner's claims have been adequately presented in the petition. Moreover,

28 the exhibits lodged in support of the petition include the briefs prepared and filed on

United States District Court

For the Northern District of California

1  petitioner's behalf by court-appointed habeas counsel in the California Court of Appeal.

2  Consequently, the interests of justice do not require appointment of counsel in the instant

3  case at this time.  Should the circumstances change materially at a later stage of the litigation,

4  the Court will reconsider this decision sua sponte.  Accordingly, the request for appointment

5  of counsel will be denied.

6  D.      Request to Proceed In Forma Pauperis

7        Petitioner seeks leave to proceed in forma pauperis herein.  Good cause appearing, the

8  request will be granted.

9                                          **CONCLUSION**

10       For the reasons stated above, the Court orders as follows:

11       1.  Petitioner's request for appointment of counsel is hereby DENIED.

12       2.  Petitioner's request to proceed in forma pauperis is hereby GRANTED.

13       3.  The Clerk shall serve by certified mail a copy of this order and the petition, along

14  with the exhibits lodged in support thereof, upon respondent and respondent's counsel, the

15  Attorney General for the State of California.  The Clerk shall also serve a copy of this order

16  on petitioner.

17       4.  Respondent shall file with the Court and serve on petitioner, within **ninety (90)**

18  days of the date this order is filed, an answer conforming in all respects to Rule 5 of the

19  Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not

20  be granted based on petitioner's cognizable claims.  Respondent shall file with the answer

21  and serve on petitioner a copy of all portions of the state trial record that have been

22  transcribed previously and that are relevant to a determination of the issues presented by the

23  petition.

24       If petitioner wishes to respond to the answer, he shall do so by filing a traverse with

25  the Court and serving it on respondent within **thirty (30)** days of the date the answer is filed.

26       5.  In lieu of an answer, respondent may file, within **ninety (90)** days of the date this

27  order is filed, a motion to dismiss on procedural grounds, as set forth in the Advisory

28  Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases.  If respondent files

3

**United States District Court**
For the Northern District of California

1  such a motion, petitioner shall file with the Court and serve on respondent an opposition or

2  statement of non-opposition within **thirty (30)** days of the date the motion is filed, and

3  respondent shall file with the Court and serve on petitioner a reply within **fifteen (15)** days of

4  the date any opposition is filed.

5       6. Petitioner is reminded that all communications with the Court must be served on

6  respondent by mailing a true copy of the document to respondent's counsel.

7       7. It is petitioner's responsibility to prosecute this case. Petitioner must keep the

8  Court and respondent informed of any change of address and must comply with the Court's

9  orders in a timely fashion. Failure to do so may result in the dismissal of this action for

10  failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

11       8. Upon a showing of good cause, requests for a reasonable extension of time will be

12  granted as long as they are filed on or before the deadline they seek to extend.

13       This order terminates Docket Nos. 1, 5 and 8.

14       IT IS SO ORDERED.

15  DATED: November 19, 2010

16  MAXINE M. CHESNEY
United States District Judge

17

18

19

20

21

22

23

24

25

26

27

28

4